14cv 10914- NMG

# PLCV2014-00256
## Silveus v Brockton et al

| **File Date** | 03/06/2014 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 03/25/2014 | **Session** | A - Civil A - CtRm 5 (Brockton) |
| **Origin** | 1 - Complaint | **Case Type** | E03 - Action against Commonwealth/municpl |
| **Track** | A - Average track | **Lead Case** | **Jury Trial**  Yes |

### DEADLINES

|  | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** |  |  | 07/04/2014 | 04/30/2015 | 02/24/2016 | 03/25/2016 |  |  |
| **Filed By** | 06/04/2014 | 07/04/2014 | 08/03/2014 | 05/30/2015 |  | 04/24/2016 |  | 02/18/2017 |
| **Heard By** |  |  | 09/02/2014 | 05/30/2015 |  |  | 08/22/2016 |  |

### PARTIES

**Plaintiff**
Ben Silveus
Active 03/06/2014

**Private Counsel 631845**
Daniel M Hutton
Lipis, Vasa & Hutton, P.C.
6 Cabot Place Unit 8
Stoughton, MA 02072
Phone: 781-341-4841
Fax: 781-341-1834
Active 03/06/2014 Notify

**Defendant**
City of Brockton
Served: 03/07/2014
Served (answr pending) 03/07/2014

U.S. DISTRICT COURT
DISTRICT OF MASS.
2014 MAR 28 P 1: 02
RECEIVED
CLERKS OFFICE

**Defendant**
Mark Celia
Served: 03/07/2014
Served (answr pending) 03/07/2014

**Defendant**
William Schleiman
Served: 03/07/2014
Served (answr pending) 03/07/2014

A TRUE C
Clerk

MASXP-20110425
grahapri

Case 1:14-cv-10914-NMG Document 4 Filed 03/28/14  Page 2 of 42

PLYMOUTH SUPERIOR COURT
Case Summary
Civil Docket

03/26/2014
09:11 AM

## PLCV2014-00256
## Silveus v Brockton et al

**Defendant**
Kathy DaSilva
Service pending 03/06/2014

**Defendant**
Eric Burke
Served: 03/07/2014
Served (answr pending) 03/07/2014

**ENTRIES**

| Date | Paper | Text |
|------|-------|------|
| 03/06/2014 | 1.0 | Complaint & civil action cover sheet filed demand for jury trial (chk rec'd in hand for $295.00 and four Brockton summons in hand) |
| 03/06/2014 | | Origin 1, Type E03, Track A. |
| 03/06/2014 | 2.0 | Plaintiff Ben Silveus's MOTION for appointment of special process server Jerrold Loomis, constable field and ALLOWED (Leo Foley, asst clerk) in hand |
| 03/07/2014 | 3.0 | SERVICE RETURNED: Mark Celia(Defendant) |
| 03/07/2014 | 4.0 | SERVICE RETURNED: William Schleiman(Defendant) |
| 03/07/2014 | 5.0 | SERVICE RETURNED: City of Brockton(Defendant) |
| 03/07/2014 | 6.0 | SERVICE RETURNED: Eric Burke(Defendant) |
| 03/13/2014 | | Tracking order sent |
| 03/25/2014 | 7.0 | Case REMOVED this date to US District Court of Massachusetts by Deft: The City of Brockton, Mark Celia, Eric Burke, William Schlieman |

**EVENTS**

# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
BROCKTON DIVISION
CIVIL ACTION NO: 2014 -256

BEN SILVEUS,
 *Plaintiff*

v.

THE CITY OF BROCKTON,
MARK CELIA, WILLIAM
SCHLIEMAN, and ERIC BURKE,
 *Defendants*



COMPLAINT AND DEMAND
FOR JURY TRIAL

MAR 06 2014

Clerk of Court

1. Plaintiff, Ben Silveus, is an individual residing who resides with his mother, Carla Monteiro, at 366 Linwood Street, Brockton, Plymouth County, Massachusetts.

2. The City of Brockton is an incorporated government entity within the Commonwealth of Massachusetts and with the responsibility to provide all necessary public safety services within its territory

3. The City of Brockton has its own police department known as the Brockton Police Department which provides necessary public safety services and is located at 7 Commercial Street, Brockton, Plymouth County, Massachusetts.

4. Defendant, Mark Celia, is a police sergeant employed at all times relevant to this Complaint by the City of Brockton Police Department.

5. Defendant, William Schleiman, is a police officer employed at all times relevant to this Complaint by the City of Brockton Police Department and has Badge Number 482.

6. Defendant, Kathy DaSilva, is a police officer employed at all times relevant to this Complaint by the City of Brockton Police Department and has Badge Number 441.

7. Defendant, Eric Burke, is a police officer employed at all times relevant to this Complaint by the City of Brockton Police Department and has Badge Number 488.

8. That on or about October 18, 2012, as a result of the injuries, Plaintiff served notice to the City of Brockton pursuant to Massachusetts General Laws, Chapter 258, section 4, that she intended to hold the City of Brockton liable for the injuries sustained. (A true and accurate copy is attached as exhibit 1).

A TRUE COPY ATTEST

Clerk of Courts

## FACTUAL ALLEGATIONS

9.  On or about April 26, 2012, Carla Monteiro, the mother of Plaintiff, Ben Silveus, rented a motor vehicle from Enterprise Rent-A-Car Company, of Boston, LLC.

10. At that time, Carla Monteiro, observed that the rental car agreement erroneously failed to list her son, Plaintiff, Ben Silveus as an additional driver.

11. Carla Montiero insisted that the error be corrected, a new rental agreement was written which clearly listed her son, Plaintiff, Ben Silveus, as an additional driver on the rental car agreement.

12. Carla Monteiro has "unique" handwriting and when she signs her name it appears to look like "Carolle Manifold".

13. On or about April 30, 2012, Plaintiff, Ben Silveus, was operating the Enterprise Rent-A-Car Company, of Boston, LLC owned vehicle which was rented to Carla Monteiro on a public way, in Brockton, Plymouth County, Massachusetts.

14. At that time, Plaintiff, Ben Silveus, was in the process of returning the rented vehicle to its owner, Enterprise Rent-A-Car Company, of Boston, LLC, (hereinafter "Enterprise").

15. At that time, Brockton Police Officer, William Schlieman stopped Plaintiff, Ben Silveus, for allegedly operating the aforementioned vehicle at a speed above the legal speed limit.

16. At that time, Plaintiff, Ben Silveus, accidently handed the Officer the initial rental contract which did not list Plaintiff as an additional driver.

17. Plaintiff attempted to explain that he did have a right to operate the vehicle, but the officer to listen to Plaintiff's attempt to show that Plaintiff had a contractual right to operate the vehicle.

18. Plaintiff called the "Enterprise" telephone number which was on the contract, but the Officer refused to speak with the "Enterprise" representative.

19. Plaintiff attempted to show the Officer the modified contract which listed Plaintiff as an additional driver, but the officer refused to look at the modified contract.

20. Officer Schlieman was then joined by Brockton Police Officer DaSilva, and Brockton Police Sergeant Celia.

21. Plaintiff again requested that the Police Officers speak with the "Enterprise" agent who was patiently waiting to speak with the officers via a connection with Plaintiff's cell phone.

22. All three Brockton Officers refused to speak with the "Enterprise" agent.

23.   Rather, than conduct a reasonable investigation, and protect Plaintiff's property rights to the leased vehicle, the Brockton Police Officers decided to impound the vehicle operated by Plaintiff and owned by "Enterprise."

24.   Plaintiff, Ben Silveus, exercised his constitutional right of free speech and attempted to prevent the Brockton Police from making an error.

25.   The Brockton Police told Plaintiff, Ben Silveus, to leave the scene or he would be arrested.

26.   Plaintiff, Ben Silveus, obeyed the Police and began walking away from the Brockton Police, and the scene.

27.   While leaving the scene, Defendant, Sergeant Mark Celia, attacked Plaintiff, Ben Silveus, from Plaintiff's blind side using the "arm-bar takedown " move.

28.   Defendant, Sergeant Mark Celia, knocked Plaintiff, Ben Silveus, off his balance causing both individuals to fall onto the concrete pavement.

29.   Defendant, Police Officer William Schlieman, put his weight on Plaintiff, Ben Silveus', leg.

30.   Defendant, Police Officer Eric Burke, used his baton and beat Plaintiff, Ben Silveus.

31.   Defendant, Police Officer Eric Burke's, exceptional use of the baton resulted in Defendant, Police Officer Eric Burke, being partially covered with Plaintiff, Ben , Silveus' blood.

32.   As a result of this vicious and brutal attack, Plaintiff, Ben Silveus was in excruciating pain and suffered bodily harm which would ultimately require surgery.

33.   At the scene Brockton Police Officers called an ambulance for Defendant, Sergeant Mark Celia who injured his right knee when he attacked and forced Plaintiff, Ben Silveus, onto the concrete pavement.

34.   At the scene Brockton Police Officers refused to call an ambulance for Plaintiff, Ben Silveus , or provide Plaintiff any other option for medical relief.

35.   At no time during the entire time leading up to the Officers using physical force upon the person of Plaintiff, Ben Silveus, did Plaintiff threaten to use or actually use physical force upon anyone, including the Police Officers at the scene.

36.   At no time during the entire time the Officers used physical force upon Plaintiff, Ben Silveus, did Plaintiff resist arrest or use physical force.

## COUNT I
## NEGLIGENCE V. the CITY OF BROCKTON (M.G.L.c. 258 Section 2)

40. Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 39 of this Complaint as if set out in full herein.

41. At all relevant times, the City of Brockton through its Police Department, acted under color of law when wrongfully arresting Plaintiff. Ben Silveus, negligently causing him grievous bodily injury and impounding the motor vehicle owned by Enterprise and which Plaintiff, Ben Silveus had legal right to operate .

42. The City of Brockton through its Police Department, failed to conduct a reasonable investigation, which resulted in wrongful taking ( impounding) of the leased vehicle, used excessive force upon the person of Plaintiff, Ben Silveus, which amounted to negligence and/or gross negligence and indifference to Plaintiff's rights. This negligence/gross negligence was the proximate cause of Plaintiff's loss or property rights and physical suffering.

43. The City of Brockton through its Police Department, through its agents and employees, knew or should have known that of Plaintiff , Ben Silveus', right to operate the leased vehicle, used excessive force in wrongfully depriving Plaintiff of the leased vehicle, and causing Plaintiff , Ben Silveus, to suffer physical damage to his health and/or safety and further acted in a fashion that was deliberate indifference to Plaintiff's health when it refused to provide Plaintiff with medical relief.

44. The City of Brockton through its Police Department is directly liable and responsible for the acts of its police officers whose acts and/or omissions with respect to the physical harm suffered by Plaintiff, the deprivation of property rights suffered by Plaintiff, and the lack of medical care and treatment of provided Plaintiff, Ben Silveus, evidenced a deliberate indifference to Plaintiff's medical needs and property rights.

WHEREFORE, Plaintiff, Ben Silveus, respectfully requests this Honorable Court to award judgment against the Defendant, City Of Brockton, together with interest and costs in actual and compensatory damages, punitive damages, and attorney's fees.

## COUNT II
## DENIAL OF U.S. CONSTITUTIONAL RIGHTS:
## VIOLATION OF THE FEDERAL CIVIL RIGHTS ACT)
## (BEN SILVEUS V. MARK CELIA)

46. Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 45 of this complaint as if set out in full herein.

47. Plaintiff , Ben Silveus, pursuant to the Fourth Amendment of the United States Constitution has a right to be free from unreasonable search and seizures which includes the use of excessive force during arrest.

48.    The actions of Defendant, Mark Celia, while acting within the scope of his employment and under the authority and color of state law, included the use unnecessary and excessive force upon the person of Plaintiff, Ben Silveus, violating, Plaintiff Ben Silveus's civil rights as guaranteed by the United States Constitution and as such is responsible for violating the Federal Civil Rights Act as defined in 42 U.S.C. § 1983

49.    As a result thereof, Plaintiff, Ben Silveus, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

    WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, Mark Celia, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

### COUNT III
### VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT:
### VIOLATION OF M.G.L.c. 12 Section 11I
### (BEN SILVEUS V. MARK CELIA)

50.    Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 49 of this complaint as if set out in full herein.

51.    Plaintiff, Ben Silveus, pursuant to the Fourth Amendment of the United States Constitution has a right to be free from unreasonable search and seizures which includes the use of excessive force during arrest.

52.    The actions of Defendant, Mark Celia, while acting within the scope of his employment and under the authority and color of state law, included the use unnecessary and excessive force upon the person of Plaintiff, Ben Silveus, violating, Plaintiff Ben Silveus's civil rights as guar anteed by the United States Constitution .

53.    The actions of Defendant, Mark Celia, were an interference, or attempted interference, with the exercise or enjoyment of rights secured by the Constitution of the United States, or of Massachusetts, by means of threats, intimidation, or coercion.

54.    As a direct and proximate result of the actions of the Defendant, Mark Celia, as alleged herein, Plaintiff, Ben Silveus, was deprived of his legally protected rights under the Massachusetts Civil Rights Act in violation of M.G.L.c 12 Section 11I.

55.    As a result thereof, Plaintiff, Ben Silveus, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as

he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, Mark Celia, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT IV
### ASSAULT
### (BEN SILVEUS V. MARK CELIA)

56.    Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 55 of this complaint as if set out in full herein.

57.    The intentional and unjustified actions of Defendant , Mark Celia, placed Plaintiff, Ben Silveus, in apprehension of an immediate harmful or offensive contact with Plaintiff's person, thereby causing an assault upon him.

58.    As a result thereof, Plaintiff, Ben Silveus, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, Mark Celia, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT V
### BATTERY
### (BEN SILVEUS V. MARK CELIA)

59.    Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 49 of this complaint as if set out in full herein.

60.    The intentional and unjustified actions of Defendant Mark Celia, resulted in a harmful or offensive contact with the plaintiff's person, thereby causing a battery upon him.

61.    As a result thereof, Plaintiff, Ben Silveus, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, Mark Celia , in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT VI
## USE OF EXCESSIVE FORCE
## (BEN SILVEUS V. MARK CELIA)

62.   Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 61 of this complaint as if set out in full herein.

63.   The intentional and unjustified use of force by Defendant, Mark Celia , upon the non-resisting person of Plaintiff, Ben Silveus, resulted in Plaintiff suffering severe bodily..

64.   As a result thereof, Plaintiff, Ben Silveus, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

67.   That the force used by Defendant,, Mark Celia, upon the person of Plaintiff, Ben Silveus, while arresting Plaintiff was extreme and excessive.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, Mark Celia , in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT VII
## DEFAMATION
## (BEN SILVEUS V. MARK CELIA)

68.   Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 67 of this complaint as if set out in full herein.

69.   Defendant, Mark Celia, filed a claim against Plaintiff, Ben Silveus's, Mother with Traveler's Insurance Company, Claim Number HRD5765,  falsely claiming that Ben Silveus was engaged in criminal conduct which caused Mark Celia's injuries to respectable members of the public.

70.   As a result thereof, Plaintiff, Ben Silveus, was reputation was injured.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, Mark Celia, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT VIII
## ABUSE OF PROCESS
## (BEN SILVEUS V. MARK CELIA)

71.   Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 70 of this complaint as if set out in full herein.

72.   The Defendant, Mark Celia, did intentionally and knowingly aid in the filing of false criminal charges against Plaintiff.

73.   Defendant, Mark Celia, had the ulterior motive of using the false criminal charges for the purpose of "covering up" his part in the incompetent investigation that lead to impounding the leased vehicle which was lawfully possessed by Plaintiff, his involvement in use of excessive force upon the person of the Plaintiff which resulted in extreme bodily injury, and "covering up" the involvement of his fellow officers use of excessive force upon the person of the Plaintiff which resulted in extreme bodily injury .

74.   That as a result of the filing of the false criminal charges, Plaintiff incurred attorney fees associated with his criminal defense.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, Mark Celia, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and any other statutorily available amounts this Honorable Court determines is fair and just.

## COUNT IV
## DENIAL OF U.S. CONSTITUTIONAL RIGHTS:
## VIOLATION OF THE FEDERAL CIVIL RIGHTS ACT)
## (BEN SILVEUS V. WILLIAM SCHLIEMAN

75.   Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 74 of this complaint as if set out in full herein.

76.   Plaintiff , Ben Silveus, pursuant to the Fourth Amendment of the United States Constitution has a right to be free from unreasonable search and seizures which includes the use of excessive force during arrest.

77.   The actions of Defendant, William Schlieman, while acting within the scope of his employment and under the authority and color of state law, included the use unnecessary and excessive

force upon the person of Plaintiff, Ben Silveus, violating, Plaintiff Ben Silveus's civil rights as guaranteed by the United States Constitution and as such is responsible for violating the Feder al Civil Rights Act as defined in 42 U.S.C. § 1983

78.   As a result thereof, Plaintiff, Ben Silveus, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant William Schlie-man, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT X
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT:
## VIOLATION OF M.G.L.c. 12 Section 11I
## (BEN SILVEUS V. WILLIAM SCHLIEMAN)

79.   Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 78 of this complaint as if set out in full herein.

80.   Plaintiff , Ben Silveus, pursuant to the Fourth Amendment of the United States Constitution has a right to be free from unreasonable search and seizures which includes the use of excessive force during arrest.

81.   The actions of Defendant, William Schlieman, while acting within the scope of his employ ment and under the authority and color of state law,  included the use unnecessary and excessive force upon the person of Plaintiff, Ben Silveus, violating, Plaintiff Ben Silveus's civil rights as guaranteed by the United States Constitution .

82.   The actions of Defendant, William Schlieman, were an interference, or attempted interference, with the exercise or enjoyment of rights secured by the Constitution of the United States, or of Massachusetts, by means of threats, intimidation, or coercion.

83.   As a direct and proximate result of the actions of the Defendant, William Schlieman, as alleged herein,  Plaintiff, Ben Silveus, was deprived of his legally protected rights under the Massachusetts Civil Rights Act in violation of M.G.L.c 12 Section 11I.

84.   As a result thereof, Plaintiff, Ben Silveus, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as

he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant William Schlieman, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

### COUNT XI
### ASSAULT
### (BEN SILVEUS V. SCHLIEMAN)

85.    Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 84 of this complaint as if set out in full herein.

86.    The intentional and unjustified actions of Defendant, William Schlieman, placed Plaintiff, Ben Silveus, in apprehension of an immediate harmful or offensive contact with Plaintiff's person, thereby causing an assault upon him.

87.    As a result thereof, Plaintiff, Ben Silveus, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, William Schlieman, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

### COUNT XII
### BATTERY
### (BEN SILVEUS V. WILLIAM SCHLIEMAN)

88.    Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 87 of this complaint as if set out in full herein.

89.    The intentional and unjustified actions of Defendant, William Schlieman , resulted in a harmful or offensive contact with the plaintiff's person, thereby causing a battery upon him.

90.    As a result thereof, Plaintiff, Ben Silveus, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as

he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, William Schlieman, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT XIII
## USE OF EXCESSIVE FORCE
## (BEN SILVEUS V. WILLIAM SCHLIEMAN)

91.   Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 90 of this complaint as if set out in full herein.

92.   The intentional and unjustified use of force by Defendant, William Schlieman , upon the non-resisting person of Plaintiff, Ben Silveus, resulted in Plaintiff suffering severe bodily..

93.   As a result thereof, Plaintiff, Ben Silveus, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

94.   The intentional and unjustified force used by Defendant, William Schlieman, upon the person of Plaintiff, Ben Silveus, while arresting Plaintiff was extreme and excessive.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, William Schlieman, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT XIV
## ABUSE OF PROCESS
## (BEN SILVEUS V. WILLIAM SCHLIEMAN)

95.   Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 94 of this complaint as if set out in full herein.

96.   The Defendant, William Schlieman, did intentionally and knowingly aid in the filing of false criminal charges against Plaintiff.

97.   Defendant, William Schlieman, had the ulterior motive of using the false criminal charges for the purpose of "covering up" his part in the incompetent investigation that lead to impounding the leased vehicle which was lawfully possessed by Plaintiff, his involvement in use of excessive force upon the person of the Plaintiff which resulted in extreme bodily injury, and "covering up" the involvement of his fellow officers use of excessive force upon the person of the Plaintiff which resulted in extreme bodily injury .

98.   That as a result of the filing of the false criminal charges, Plaintiff incurred attorney fees associated with his criminal defense.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, William Schlieman, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and any other statutorily available amounts this Honorable Court determines is fair and just.

### COUNT XV
### DENIAL OF U.S. CONSTITUTIONAL RIGHTS:
### VIOLATION OF THE FEDERAL CIVIL RIGHTS ACT
### (BEN SILVEUS V. ERIC BURKE)

99.   Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 98 of this complaint as if set out in full herein.

100.   Plaintiff , Ben Silveus, pursuant to the Fourth Amendment of the United States Constitution has a right to be free from unreasonable search and seizures which includes the use of excessive force during arrest.

101.   The actions of Defendant, Eric Burke, while acting within the scope of his employment and under the authority and color of state law, included the use unnecessary and excessive force upon the person of Plaintiff, Ben Silveus, violating, Plaintiff Ben Silveus's civil rights as guaranteed by the United States Constitution and as such is responsible for violating the Federal Civil Rights Act as defined in 42 U.S.C. § 1983

102.   As a result thereof, Plaintiff, Ben Silveus, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, Eric Burke, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT XVI
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT:
## VIOLATION OF M.G.L.c. 12 Section 11I
### (BEN SILVEUS V. ERIC BURKE)

103.  Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 102 of this complaint as if set out in full herein.

104.  Plaintiff, Ben Silveus, pursuant to the Fourth Amendment of the United States Constitution has a right to be free from unreasonable search and seizures which includes the use of excessive force during arrest.

105.  The actions of Defendant Eric Burke, while acting within the scope of his employment and un der the authority and color of state law, included the use unnecessary and excessive force upon the person of Plaintiff, Ben Silveus, violating, Plaintiff Ben Silveus's civil rights as guaranteed by the United States Constitution .

106.  The actions of Defendant, Eric Burke, were an interference, or attempted interference, with the exercise or enjoyment of rights secured by the Constitution of the United States, or of Massachusetts, by means of threats, intimidation, or coercion.

108.  As a direct and proximate result of the actions of the Defendant, Eric Burke, as alleged herein, Plaintiff, Ben Silveus, was deprived of his legally protected rights under the Massachusetts Civil Rights Act in violation of M.G.L.c 12 Section 11I.

109.  As a result thereof, Plaintiff, Ben Silveus, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant Eric Burke, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT XVII
## ASSAULT
### (BEN SILVEUS V. ERIC BURKE)

110.  Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 109 of this complaint as if set out in full herein.

111.    The intentional and unjustified actions of Defendant, Eric Burke, placed Plaintiff, Ben Silveus, in apprehension of an immediate harmful or offensive contact with Plaintiff's person, thereby causing an assault upon him.

112.    As a result thereof, Plaintiff, Ben Silveus, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, Eric Burke, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT XVIII
### BATTERY
### (BEN SILVEUS V. ERIC BURKE)

113.    Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 112 of this complaint as if set out in full herein.

114.    The intentional and unjustified actions of Defendant, Eric Burke, resulted in a harmful or offensive contact with the plaintiff's person, thereby causing a battery upon him.

115.    As a result thereof, Plaintiff, Ben Silveus, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, Eric Burke, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT XIX
### USE OF EXCESSIVE FORCE
### (BEN SILVEUS V. ERIC BURKE)

116.    Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 115 of this complaint as if set out in full herein.

117. The intentional and unjustified use of force by Defendant, Eric Burke, upon the non-resisting person of Plaintiff, Ben Silveus, resulted in Plaintiff suffering severe bodily..

118. As a result thereof, Plaintiff, Ben Silveus, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

119. The intentional and unjustified force used by used by Defendant, Eric Burke, upon the person of Plaintiff, Ben Silveus, while arresting Plaintiff was extreme and excessive.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, Eric Burke, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT XX
### ABUSE OF PROCESS
### (BEN SILVEUS V. ERIC BURKE)

120. Plaintiff, Ben Silveus, incorporates by reference the allegations set forth in paragraphs 1 through 119 of this complaint as if set out in full herein.

121. The Defendant, Eric Burke, did intentionally and knowingly aid in the filing of false criminal charges against Plaintiff.

122. Defendant, Eric Burke, had the ulterior motive of using the false criminal charges for the purpose of "covering up" his part in the incompetent investigation that lead to impounding the leased vehicle which was lawfully possessed by Plaintiff, his involvement in use of excessive force upon the person of the Plaintiff which resulted in extreme bodily injury, and "covering up" the involvement of his fellow officers use of excessive force upon the person of the Plaintiff which resulted in extreme bodily injury .

123. That as a result of the filing of the false criminal charges, Plaintiff incurred attorney fees associated with his criminal defense.

WHEREFORE, Plaintiff, Ben Silveus, demands judgment against Defendant, Eric Burke, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and any other statutorily available amounts this Honorable Court determines is fair and just.

**PLAINTIFF HEREBY CLAIM A JURY TRIAL IN THE SUPERIOR COURT**

Respectfully submitted,
The Plaintiff, BEN SILVEUS,
By His Attorney,

Daniel M. Hutton, Esquire
Law Office of Daniel M. Hutton
Six Cabot Place, Unit 8
Stoughton, MA 02072
(781) 341-4841
DATED: February 18, 2014          BBO No: 631845

EXHIBIT 1

# LAW OFFICES OF VASA & HUTTON, P.C.

GLEN R. VASA
DANIEL M. HUTTON
WILLIAM L. SERWETMAN

October 18, 2012

Brockton City Hall
Law Department
Room 18
45 School Street
Brockton, MA 02301

**Re: Our Client: Ben Silveus,**
**Your Client: Brockton Police Department and various subsequently named officers**
**DOL:4/30/12**

Dear Honorable City Solicitor Nessralla/Law Department,

Please allow this letter to serve as notice that this office represents Mr. Ben Silveus in his claim and/or controversy against the city of Brockton. Additionally, please allow this letter to serve as a formal demand made in compliance with M.G.L.c. 258, Section 4, on behalf of my client, Mr. Silveus, for the bodily injuries he suffered as a result of excessive force used by the City of Brockton's Police that occurred on 4/30 /2012. This excessive use of force violated Mr. Silveus' U.S. Constitutional Rights, his Massachusetts Civil Rights and caused him physical and emotional suffering, bodily injury as well interference use personal property, and financial loss which includes medical bills.

## I. FACTS

On or about April 26, 2012, Carla Monteiro lease a vehicle from Enterprise Rent-a-Car Company of Boston, LLC. (See Exhibit 1, Contract). Within the contract was a clause which indicated whether "**Additional Authorized Driver(s) Permitted-Permitted Only As Required By Law And As Described By Paragraph 1a On Page 2**." Immediately thereafter was typed "No Other Drivers Permitted". This, however, was not the intent of Carla Monteiro who wanted her son, Ben Silveus, listed as an additional authorized driver. On April 26, 2012, Carla Monteiro observed this omission and had the contract re-written so that her son, Ben Silveus,

6 CABOT PLACE, SUITE 8
STOUGHTON, MA 02072
INFO@VASAHUTTON.COM

PHONE: 781-341-48
FAX: 781-341-18

copy of the contract (See Exhibit 3).

On or about April 30, 2012, Mr. Silveus, a 23 year old African American Male, was operating the leased vehicle on West Chestnut Street, Brockton, MA. At that time he was pulled over by Brockton Police Officer, William Schlieman, (Badge Number 482) for speeding. Following the officer's request, Mr. Silveus provided his license and registration. Additionally, he stated to the officer that he was authorized to operate the leased vehicle. Within the vehicle, Ben Silveus had both the original contract (which failed to list him as a driver) and the subsequent modified contract (which listed him as a driver). By mistake, Mr. Silveus, handed the Officer the original contract. The Officer then stated to Mr. Silveus that he had no right to operate the leased vehicle on grounds that Mr. Silveus was not listed as a driver. Mr. Silveus then called up "Enterprise", and had an agent on the phone who wanted to talk to the officer to clarify the misunderstanding. The Officer refused to speak on the phone with the "Enterprise" agent. Officer Schlieman was then joined by Police Officer DaSilva, (Badge Number 441), and Police Sergeant Celia, (Badge Number 228). The Officers, despite having at least one copy of the contract in front of them which had Enterprise's telephone number on it refused to call "Enterprise" and instead decided to interfere with my client's leased property rights to the vehicle by impounding it. The refusal of the Officers to use common sense, and conduct a reasonable investigation by making one phone call was extremely upsetting to Mr. Silveus. (The obvious question is whether the Police Officers would have acted in a similar fashion had my client been a middle aged white woman.) Mr. Silveus continued to argue his case and was placed under arrest. Let me be clear, up until this time Mr. Silveus had only exercised his right to free speech and was in the process of protecting his property rights. Thereafter, the four Police Officers (Officer Burke joined the previously mentioned Officers) at the scene, decided that Mr. Silveus had said enough and decided Mr. Silveus should be arrested. Sgt. Celia using an arm bar "take down" attacked Mr. Silveus. Mr. Silveus was forced down onto the pavement, one Officer put his weight on Mr. Silveus' legs. One office used his baton on Mr. Silveus. Mr. Silveus was in excruciating pain after the battery upon his person and was not provided medical treatment by the Police, nor did they call an ambulance for him. (The Police did get an ambulance for Sgt. Celia who complained of right knee pain at the scene.) At no time during this attack did Mr. Silveus use any force to defend himself. The viciousness and brutality of the attack has caused Mr. Silveus bodily harm which has required medical treatment. The conduct of the Brockton Police during this entire episode was unprofessional and outrageous.

## II. MEDICAL TREATMENT

On or about May 3, 2012, my client was seen at by the Bridgewater Goddard Park Medical Associates, located at 110 Liberty Street, Brockton, MA 02301. (The aforementioned medical provider has since change its name to Signature Healthcare.) During his initial evaluation, Mr. Silveus complained of neck pain radiating down the left arm to his wrist, neck stiffness, clicking sensation in the neck/left shoulder area, muscles spams in the neck, and numbness in the left hand. At that time he was diagnosed with a fractured left shoulder. (See Attached Exhibit 4) Eventually he was diagnosed with a labral tear. (See Attached Exhibit 5) On July 19, 2012, Mr. Silveus underwent surgery to repair his shoulder. Mr. Silveus is still treating for the damages he sustained in the attack. To date his reasonable medical bills resulting from

July 19, 2012, Mr. Silveus underwent surgery to repair his shoulder. Mr. Silveus is still treating for the damages he sustained in the attack. To date his reasonable medical bills resulting from the attack are $8,960.00.

III.   Disability Period

Mr. Silveus suffered temporary full disability for the period beginning 4/30/12 until the present date. To date he still suffers from residual pain in his shoulder.

IV.   Demand

In light of the medical bills, lost income, injuries, and disability period, denial of Massachusetts and Federal Constitutional, tortuous interference with property rights Mr. Ben Silveus demands $300,000.00 in full.

Respectfully,

Daniel M. Hutton, Esq.
The Law Offices Vasa & Hutton
Six Cabot Place, Unit 8
Stoughton, MA  02072
(781) 341-4841
BBO No: 631845

Sent Via
Certified Mail # 7011 3500 0001 0149 2576



ORIGINAL VEHICLE

| COLOR | LICENSE NO. |
| MODEL | ECAR# |
| MILE-AGE | IN / OUT |
| DRIVEN | |

CONDITION AND FUEL X
LEVEL AGREED TO   RENTER

RENTAL TYPE

RENTER

START CHARGES IF DIFFERENT

REFERENCE NUMBER:

ADDITIONAL AUTHORIZED DRIVER(S) - PERMITTED ONLY AS REQUIRED BY LAW AND AS DESCRIBED IN PARAGRAPH 1.a. ON PAGE 2.
I REQUEST OWNER'S PERMISSION TO ALLOW      OTHER DRIVERS PERMITTED

WHO IS UNDER MY CONTROL AND DIRECTION TO DRIVE VEHICLE FOR ME AND ON MY BEHALF. I AM RESPONSIBLE FOR THEIR ACTS WHILE THEY ARE DRIVING, AND FOR FULFILLING TERMS AND CONDITIONS OF THIS RENTAL AGREEMENT (AGREEMENT). USE OF VEHICLE BY AN UNAUTHORIZED DRIVER WILL AFFECT MY LIABILITY AND RIGHTS UNDER THIS AGREEMENT.

RENTER X

PERMISSION GRANTED TO OPERATE VEHICLE ONLY IN THE STATE OF RENTAL AND THE FOLLOWING STATE(S):

CUT   E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F
No Gasoline Refunds
IN   E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F

OPERATION IN ANY OTHER STATE OR COUNTRY WILL AFFECT YOUR LIABILITY AND RIGHTS UNDER THIS AGREEMENT.

NEW ENGLAND   NO SMOKING, PETS

Notice: This contract offers, for an additional charge, a Collision Damage Waiver to cover our financial responsibility for damage to the rental vehicle. Your personal automobile insurance may already cover you for damage to a rental car. The purchase of a Collision Damage Waiver is optional and may be declined. For Massachusetts residents: If you have an automobile policy on your personal vehicle, with coverage for collision, our policy will cover collision damage to the rental vehicle, less the deductible on your policy. If you have comprehensive coverage on your vehicle, your policy will cover loss of the rental vehicle caused by fire, theft, or vandalism, less the deductible on your policy. Renters who hold policies in other states should check with their insurance agents to determine whether their policies extend to rental vehicles.

| RENTER DECLINES OPTIONAL COLLISION DAMAGE WAIVER (CDW) AND ASSUMES DAMAGE RESPONSIBILITY. SEE PARAGRAPH 6. | RENTER ACCEPTS OPTIONAL COLLISION DAMAGE WAIVER (CDW) AT FEE SHOWN IN COLUMN TO RIGHT. SEE NOTICE TO LEFT AND PARAGRAPH 16. COLLISION DAMAGE WAIVER IS NOT INSURANCE. | RENTER: |
| RENTER: X DECLINES CDW | | ACCEPTS CDW |
| RENTER DECLINES OPTIONAL PERSONAL ACCIDENT INSURANCE (PAI). SEE PARAGRAPH 9. | RENTER ACCEPTS OPTIONAL PERSONAL ACCIDENT INSURANCE (PAI) AT FEE SHOWN IN COLUMN TO RIGHT. SEE PARAGRAPH 18. | RENTER: |
| RENTER: X DECLINES PAI | | ACCEPTS PAI |
| RENTER DECLINES OPTIONAL SUPPLEMENTAL LIABILITY PROTECTION (SLP). SEE PARAGRAPH 7. | RENTER ACCEPTS OPTIONAL SUPPLEMENTAL LIABILITY PROTECTION (SLP) AT FEE SHOWN IN COLUMN TO RIGHT. SEE PARAGRAPH 17. | RENTER: X |
| RENTER: X DECLINES SLP | | ACCEPTS SLP |
| RENTER DECLINES OPTIONAL ROADSIDE ASSISTANCE PROTECTION (RAP). SEE PARAGRAPH 22.3. | RENTER ACCEPTS OPTIONAL ROADSIDE ASSISTANCE PROTECTION (RAP) AT FEE SHOWN IN COLUMN TO RIGHT. SEE OPTIONAL PRODUCTS NOTICE TO LEFT AND PARAGRAPH 18. | RENTER: X |
| RENTER: X DECLINES RAP | | ACCEPTS RAP |

ACKNOWLEDGEMENT OF THE ENTIRE AGREEMENT, WHICH CONSISTS OF PAGES 1 THROUGH 4

RENTER: X                                              DATE

REPLACEMENT VEHICLE

RENTER: X                                    DATE

OWNER REP X

I WILL RETURN CAR BY:
DATE   TIME   DEPOSIT(S):   AMOUNT   PAID BY

| COLOR | LICENSE NO. |
| MODEL | ECAR# |
| MILE-AGE | IN / OUT |
| DRIVEN | |

CONDITION AND FUEL X
LEVEL AGREED TO   RENTER

ADDITIONAL INFORMATION

*Scratch on rear bumper driver side*
*Scrape on rear bumper bottom passenger side*

SEE PAGE 2, PARAGRAPH 3 FOR INFORMATION ON: VEHICLE LICENSE COST RECOVERY FEE (VLC REC FEE), CUSTOMER FACILITY CHARGE (CFC), CONCESSION FEE RECOVERY (CONCESSION RECOVERY), CONVENTION CENTER SURCHARGE (CONV CTR SURCHARGE), MASSACHUSETTS PARKING SURCHARGE (MA PRKG SURCHARGE) AND APPLICABLE TAXES (MA SALES TAX).

TOTAL CHARGES
DEPOSITS
REFUNDS
AMOUNT DUE

CLOSED BY
PAID BY   CASH   CHECK
RECEIPT OF   DATE   AMOUNT   PE
CASH REFUND

CONDITION SAME ON RETURN? Yes No
XUT   E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F
No Gasoline Refunds
E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F

ER IS AN AFFILIATE OF ENTERPRISE HOLDINGS INC., WHICH OWNS ALL RIGHTS TO ENTERPRISE NAMES AND MARKS.   © ENTERPRISE RENT-A-CAR COMPANY OF BOSTON



RANCH ADDRESS:

RENTAL AGREEMENT NO.

RENT
TYPE

RENTER

ART CHARGES IF DIFFERENT

## ORIGINAL VEHICLE

| COLOR | LICENSE NO. |
|---|---|
| MODEL | ECAR# |

| MILE-AGE | IN | | COMPANY |
|---|---|---|---|
| | OUT | BILL TO | |
| DRIVEN | | ATTN: | PHONE   EXT. |

REFERENCE NUMBER:

CONDITION AND FUEL
LEVEL AGREED TO  X _____ RENTER

□ NO DAMAGE

X= DENT   ~= SCRATCH   O= MISSING
CONDITION SAME ON RETURN  Yes  No

OUT  E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F
No Gasoline Refunds
IN  E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F

Notice: This contract offers, for an additional charge, a Collision Damage Waiver to cover your financial responsibility for damage to the rental vehicle. Your personal automobile insurance may already cover you for damage to a rental car. The purchase of a Collision Damage Waiver is optional and may be declined. For Massachusetts residents: If you have an automobile policy on your personal vehicle with coverage for collision, your policy will cover collision damage to the rental vehicle, less the deductible on your policy. If you have comprehensive coverage on your vehicle, your policy will cover loss on the rental vehicle caused by fire, theft, or vandalism, less the deductible on your policy. Drivers who hold policies in other states should check with their insurance agents to determine whether their policies extend to rental vehicles.

ADDITIONAL AUTHORIZED DRIVER(S) - PERMITTED ONLY AS REQUIRED BY LAW AND AS DESCRIBED IN PARAGRAPH 1.a. ON PAGE 2.
I REQUEST OWNER'S PERMISSION TO ALLOW

WHO IS UNDER MY CONTROL AND DIRECTION TO DRIVE VEHICLE FOR ME AND ON MY BEHALF. I AM RESPONSIBLE FOR THEIR ACTS WHILE THEY ARE DRIVING, AND FOR FULFILLING TERMS AND CONDITIONS OF THIS RENTAL AGREEMENT (AGREEMENT). USE OF VEHICLE BY AN UNAUTHORIZED DRIVER WILL AFFECT MY LIABILITY AND RIGHTS UNDER THIS AGREEMENT.

RENTER: X

PERMISSION GRANTED TO OPERATE VEHICLE ONLY IN THE STATE OF RENTAL AND THE FOLLOWING STATE(S):

OPERATION IN ANY OTHER STATE OR COUNTRY WILL AFFECT YOUR LIABILITY AND RIGHTS UNDER THIS AGREEMENT.

| | |
|---|---|
| RENTER DECLINES OPTIONAL COLLISION DAMAGE WAIVER (CDW) AND ASSUMES DAMAGE RESPONSIBILITY. SEE PARAGRAPH 6. | RENTER ACCEPTS OPTIONAL COLLISION DAMAGE WAIVER (CDW) AT FEE SHOWN IN COLUMN TO RIGHT. SEE NOTICE TO LEFT AND PARAGRAPH 16. COLLISION DAMAGE WAIVER IS NOT INSURANCE.  RENTER: X |
| RENTER: X | |
| RENTER DECLINES OPTIONAL PERSONAL ACCIDENT INSURANCE (PAI) SEE PARAGRAPH 9. | RENTER ACCEPTS OPTIONAL PERSONAL ACCIDENT INSURANCE (PAI) AT FEE SHOWN IN COLUMN TO RIGHT. SEE PARAGRAPH 18.  RENTER: X |
| RENTER: X DECLINES PAI | |
| RENTER DECLINES OPTIONAL SUPPLEMENTAL LIABILITY PROTECTION (SLP) SEE PARAGRAPH 7. | RENTER ACCEPTS OPTIONAL SUPPLEMENTAL LIABILITY PROTECTION (SLP) AT FEE SHOWN IN COLUMN TO RIGHT. SEE PARAGRAPH 17.  RENTER: X |
| RENTER: X DECLINES SLP | SC |
| RENTER DECLINES OPTIONAL ROADSIDE ASSISTANCE PROTECTION (RAP), SEE PARAGRAPH 3.8.3. | RENTER ACCEPTS OPTIONAL ROADSIDE ASSISTANCE PROTECTION (RAP) AT FEE SHOWN IN COLUMN TO RIGHT. SEE OPTIONAL PRODUCTS NOTICE TO LEFT AND PARAGRAPH 19.  RENTER: X |
| RENTER: X DECLINES RAP | |

### ACKNOWLEDGMENT OF THE ENTIRE AGREEMENT, WHICH CONSISTS OF PAGES 1 THROUGH 4.

I HAVE READ AND AGREE TO THE TERMS AND CONDITIONS ON PAGES 1 THROUGH 4 OF THIS AGREEMENT AND BY MY SIGNATURE BELOW I AM THE RENTER UNDER THIS AGREEMENT. BY SIGNING BELOW I AM AUTHORIZING OWNER TO PROCESS CHARGES ON MY CREDIT CARD(S) AND/OR DEBIT CARD(S) FOR ADVANCE DEPOSITS, INCREMENTAL AUTHORIZATIONS/DEPOSITS, AND CHARGES INCURRED, AS WELL AS PAYMENTS REFUSED BY A THIRD PARTY TO WHOM BILLING WAS DIRECTED. I CERTIFY THAT THE DRIVERS LICENSE(S) PRESENTED IS CURRENTLY VALID AND IS NOT SUSPENDED, EXPIRED, REVOKED, CANCELLED OR SURRENDERED.

| | | |
|---|---|---|
| RENTER X | | DATE |
| OWNER REP  X | | EMPL # |

## REPLACEMENT VEHICLE

| COLOR | LICENSE NO. |
|---|---|
| MODEL | ECAR# |

| MILE-AGE | IN | |
|---|---|---|
| | OUT | |
| DRIVEN | | |

| I WILL RETURN CAR BY: | | DEPOSIT(S): |
|---|---|---|
| DATE | TIME | AMOUNT   PAID BY |

ADDITIONAL INFORMATION

CONDITION AND FUEL
LEVEL AGREED TO  X _____ RENTER

□ NO DAMAGE

X= DENT   ~= SCRATCH   O= MISSING
CONDITION SAME ON RETURN  Yes  No

OUT  E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F
No Gasoline Refunds
IN  E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F

**SEE PAGE 2, PARAGRAPH 3 FOR INFORMATION ON: VEHICLE LICENSE COST RECOVERY FEE (VLC REC FEE), CUSTOMER FACILITY CHARGE (CFC), CONCESSION FEE RECOVERY (CONCESSION RECOVERY), CONVENTION CENTER SURCHARGE (CONV CTR SURCHARGE), MASSACHUSETTS PARKING SURCHARGE (MA PRKG SURCHARGE) AND APPLICABLE TAXES (MA SALES TAX).**

| TOTAL CHARGES | |
|---|---|
| DEPOSITS | |
| REFUNDS | |
| **AMOUNT DUE** | |
| CLOSED BY | |

| PAID BY | CASH | CHECK | C |
|---|---|---|---|
| RECEIPT OF CASH REFUND | DATE | AMOUNT | RECE |

NER IS AN AFFILIATE OF ENTERPRISE HOLDINGS INC., WHICH OWNS ALL RIGHTS TO ENTERPRISE NAMES AND MARKS.

© ENTERPRISE RENT-A-CAR COMPANY OF BOSTON, L

3

# enterprise

MO 8:00 AM - 6:00 PM   TU 8:00 AM - 6:00 PM   WE 8:00 AM - 6:00 PM
TH 8:00 AM - 6:00 PM   FR 8:00 AM - 6:00 PM   SA 9:00 AM - 12:00 PM
SU CLOSED

OWNER OF VEHICLE: ENTERPRISE RENT-A-CAR COMPANY OF BOSTON, LLC
BRANCH ADDRESS: 340 WARREN AVE, BROCKTON, MA, 023015234   (508) 586-6689

300476

| | | RENTAL TYPE | OTHER | SOURCE # | $9.99 WEEK | I.D. # | 999 | **RENTAL AGREEMENT NO.** | |
|---|---|---|---|---|---|---|---|---|---|

**RENTAL AGREEMENT NO.** 206536

DAY = 24 HOUR PERIOD

04/26/2012   10:31 AM
START CHARGES IF DIFFERENT

RENTER: MANIFOLD   CAROLLE

ADDRESS: 366 LINWOOD ST   HOME PHONE (774) 776-518?

CITY: BROCKTON   STATE MA   ZIP 02301   OFFICE PHONE

DOB: 10/01/1958   EMPLOYER

DRIVERS LICENSE NO.: XXXXX7?66   STATE MA   EXPIRES 10/01/2015

BILL TO N   COMPANY

ATTN   PHONE   EXT.

ORIGINAL VEHICLE

COLOR: WHITE   LICENSE NO. HYK0762
MODEL: 861 A   ECAR# 7EW494

VEHICLE $19.33/HOUR
$57.99/DAY

$29.99/DAY/SPECIAL

NO CHARGE MILEAGE

REFERENCE NUMBER:

ADDITIONAL AUTHORIZED DRIVER(S) - PERMITTED ONLY AS REQUIRED BY LAW AND AS DESCRIBED IN PARAGRAPH 1 s. ON PAGE 3.
I REQUEST OWNER'S PERMISSION TO ALLOW   SILVEUS   BEN
AGE 23   DRIVERS LICENSE NO XXXXX4865   STATE MA   EXP. 01/03/2017
WHO IS UNDER MY CONTROL AND DIRECTION TO DRIVE VEHICLE FOR ME AND ON MY BEHALF. I AM RESPONSIBLE FOR THEIR ACTS WHILE THEY ARE DRIVING. USE OF VEHICLE BY AN UNAUTHORIZED DRIVER WILL AFFECT MY LIABILITY AND RIGHTS UNDER THIS AGREEMENT.

RENTER X

PERMISSION GRANTED TO OPERATE VEHICLE ONLY IN THE STATE OF RENTAL AND THE FOLLOWING STATE(S).

No Gasoline Refunds

NEW ENGLAND   NO SMOKING/ PETS $105 FE

OPERATION IN ANY OTHER STATE OR COUNTRY WILL AFFECT YOUR LIABILITY AND RIGHTS UNDER THIS AGREEMENT.

**Notice:** This contract offers, for an additional charge, a Collision Damage Waiver to cover your financial responsibility for damage to the rental vehicle. Your personal automobile insurance may already cover you for damage to a rental car. The purchase of a Collision Damage Waiver is optional and may be declined. For Massachusetts residents: If you have an automobile policy on your personal vehicle with coverage for collision, your policy will cover collision damage to the rental vehicle, less the deductible on your policy. If you have comprehensive coverage on your vehicle, your policy will cover loss on the rental vehicle caused by fire, theft, or vandalism, less the deductible on your policy. Drivers who hold policies in other states should check with their insurance agents to determine whether their policies extend to rental vehicles.

RENTER DECLINES OPTIONAL COLLISION DAMAGE WAIVER (CDW) AND ASSUMES DAMAGE RESPONSIBILITY. SEE PARAGRAPH 6.

RENTER X DECLINE CDW

RENTER DECLINES OPTIONAL PERSONAL ACCIDENT INSURANCE (PAI). SEE PARAGRAPH 7.

RENTER X DECLINE PAI

RENTER DECLINES OPTIONAL SUPPLEMENTAL LIABILITY PROTECTION (SLP). SEE PARAGRAPH 7.

RENTER X DE C

RENTER DECLINES OPTIONAL ROADSIDE ASSISTANCE PROTECTION (RAP). SEE PARAGRAPH 9.8.3

RENTER X DECLINES RAP

RENTER ACCEPTS OPTIONAL COLLISION WAIVER (CDW) AT FEE SHOWN IN COLUMN TO RIGHT. SEE NOTICE TO LEFT AND PARAGRAPH 16. COLLISION DAMAGE WAIVER IS NOT INSURANCE.

RENTER X   CM

RENTER ACCEPTS OPTIONAL PERSONAL ACCIDENT INSURANCE (PAI) AT FEE SHOWN IN COLUMN TO RIGHT. SEE PARAGRAPH 18.

RENTER X   M

RENTER ACCEPTS OPTIONAL SUPPLEMENTAL LIABILITY PROTECTION (SLP) AT FEE SHOWN IN COLUMN TO RIGHT. SEE PARAGRAPH 17

RENTER X

RENTER ACCEPTS OPTIONAL ROADSIDE ASSISTANCE PROTECTION (RAP) AT FEE SHOWN IN COLUMN TO RIGHT. SEE OPTIONAL PRODUCTS NOTICE TO LEFT AND PARAGRAPH 18

RENTER X   CM

**ACKNOWLEDGEMENT OF THE ENTIRE AGREEMENT, WHICH CONSISTS OF PAGES 1 THROUGH 4.**
I HAVE READ AND AGREE TO THE TERMS AND CONDITIONS ON PAGES 1 THROUGH 4 OF THIS AGREEMENT AND BY MY SIGNATURE BELOW I AM THE "RENTER" UNDER THIS AGREEMENT. BY SIGNING BELOW, I AM AUTHORIZING OWNER TO PROCESS CHARGES ON MY CREDIT CARD(S) AND/OR DEBIT CARD(S) FOR ADVANCE DEPOSITS, INCREMENTAL AUTHORIZATIONS/DEPOSITS AND CHARGES INCURRED, AS WELL AS PAYMENTS REFUSED BY A THIRD PARTY TO WHOM BILLING WAS DIRECTED. I CERTIFY THAT THE DRIVER LICENSE(S) PRESENTED IS CURRENTLY VALID AND IS NOT SUSPENDED, EXPIRED, REVOKED, CANCELLED OR SURRENDERED.

RENTER X   DATE 04/26/2012

REPLACEMENT VEHICLE

OWNER REP. X   EMPL # ET85K9

COLOR   LICENSE NO
MODEL   ECAR#

I WILL RETURN CAR BY:
DATE 04/30/2012   TIME 10:30 AM

DEPOSIT(S):
AMOUNT $150.00   PAID BY xxxxxxxxxxxx8354 04/26/2012

ADDITIONAL INFORMATION

No Gasoline Refunds

SEE PAGE 2, PARAGRAPH 3 FOR INFORMATION ON: VEHICLE LICENSE COST RECOVERY FEE (VLC REC FEE), CUSTOMER FACILITY CHARGE (CFC); CONCESSION FEE RECOVERY (CONCESSION RECOVERY); CONVENTION CENTER SURCHARGE (CONV CTR SURCHARGE); MASSACHUSETTS PARKING SURCHARGE (MA PRKG SURCHARGE) AND APPLICABLE TAXES (MA SALES TAX).

DW OR CDW $19.99/DAY
$119.99/WEEK
$399.99/MONTH

PAI $2.00/DAY

RAP $3.99/DAY

FUEL CHARGE $5.79/GALLON

MA SALES TAX 6.25%
MA PRKG SURCHARGE $0.60
VLC REC FEE $1.75/DAY

TOTAL CHARGES

DEPOSITS

REFUNDS

**AMOUNT DUE**

CLOSED BY

| | CASH | CHECK | CHARGE |
|---|---|---|---|
| PAID BY | | | |
| RECEIPT OF CASH REFUND | DATE | AMOUNT | RECEIVED BY |

OWNER IS AN AFFILIATE OF ENTERPRISE HOLDINGS INC., WHICH OWNS ALL RIGHTS TO ENTERPRISE NAMES AND MARKS   © ENTERPRISE RENT-A-CAR COMPANY OF BOSTON, LLC., 20

SIGNATURE HEALTHCARE

| Patient: | BEN SILVEUS | | MRN: | 840715 |
| Encounter:May | 3 2012 | 2:45PM | DOB: | Jan 03, 1989 |

## Reason For Visit
Physical exam has a fractured left shoulder & says he cant feel his neck also has a swollen left hand.

## HPI
He reported: Neck pain radiating down the left arm. neck stiffness. clicking sensation in the neck. and muscle spasms in the neck.

Numbness of the left hand.

23 y/o M comes in for a well visit.

Pt is stating that he was beaten up by police on 4/30. Pt went to ER, left arm is in a sling. Pt is also c/o neck pain.

## Vital Signs
Recorded by Sanders,Joslyn on 03 May 2012 03:10 PM

BP:112/78, LUE, Sitting,

HR: 78 b/min,

Height: 68.000000 in, Weight: 166.000000 lb, BMI: 25.2 kg/m2,

O2 Sat: 98 (%SpO2),

Smoking Status: Never ,

BSA Calculated: 1.89 ,

BMI: 25.16.

## Current Meds
Proventil HFA 108 (90 Base) MCG/ACT Inhalation Aerosol Solution;INHALE 2 PUFFS EVERY 4 TO 6 HOURS; Rx.

## Allergies
No Known Drug Allergies.

## Active Problems
Abdominal Pain In The Left Upper Belly (Luq) (789.02); GERD, better, wil refill PPI today, f/u as needed

Cervical Radiculopathy At C5 Nerve Root (723.4); WIll get an MRI, refer to Ortho for further eval.

Cervicalgia (723.1); strain, mild left C5-6 radiculopathy, wil cont PT for 1 month,if not better, will get an MRI.

Constipation (564.00); will start on miralax, fluids, f/u for worsening si/sx

Cough (Symptom) (786.2); has si/sx of acute bronchitis, will tx with ZPak, proair prn, prednisone, f/u for worsening si/sx

Esophageal Reflux (530.81); better, cont omeprazole 40mg po BID, f/u for worsening si/sx

Joint Pain, Localized In The Left Shoulder (719.41)

Limb Pain (729.5); Left shoulder pain, ?SLAP tear, has an apptmt pending with Ortho.

Lower Back Pain (724.2); strain, will refer to PT, will also have him see Ortho

Preventive Medicine Establ. Patient Checkup Adult 18-39 (V70.0); Pt counselled to exercise, will check CMP,TSH,FLP,CBC,td 2 yrs ago.

Tooth Pain (525.9); Left lowe molar infenx, amox, asked to f/u with dentist for worsening si/sx.

## ROS
Systemic: No recent weight change.

Eyes: No blurry vision  Amended : Syed Imam M.D.; 05/19/2012 7:42 PM EST.

Cardiovascular: No chest pain or discomfort  Amended : Syed Imam M.D.; 05/19/2012 7:42 PM EST and no palpitations  Amended : Syed Imam M.D.; 05/19/2012 7:42 PM EST.

Pulmonary: No dyspnea and no cough.

Gastrointestinal: Appetite not decreased. No nausea, no vomiting, no abdominal pain, no diarrhea. and no constipation.

Neurological: No dizziness and no fainting.

Psychological: No insomnia.

## PMH
Acute Pharyngitis (462); Will tx with amox, fluids, salt water gargles, f/u for worsening si/sx

Preventive Medicine Establ. Patient Checkup Adult 18-39 (V70.0); Pt counselled to exercise, will check CMP,TSH,FLP,CBC,td 2 yrs ago.



SIGNATURE HEALTHCARE

```
Patient:  EEN SILVEUS                      MRN:     840715
Encounter:Jul 19 2012 12:00AM             DOB:     Jan 03, 1939
```

Name:  EEN SILVEUS
Date of birth:  01/03/1989
Meditech MRN:  485170
SMG MRN:  840715
Meditech Account #:62034688
Date:  07/19/2012
Exam:  OPERATIVE REPORT

Performed at Signature Healthcare - Brockton Hospital

DATE OF PROCEDURE:  07/19/2012

DATE OF SERVICE:

07/19/12

PREOPERATIVE DIAGNOSIS:

Left shoulder posterior instability, recurrent.
    .

POSTOPERATIVE DIAGNOSIS:

Left shoulder posterior instability, recurrent.

OPERATIVE PROCEDURE:

1.  Posterior labral repair.

2.  Anterior rotator interval closure with capsulorrhaphy.

3.  Subacromial decompression.

SURGEON:

Marshal Armitage, MD

ASSISTANT:

None.



CERTIFIED MAIL

7011 3500 0001 0149 2569
7011 3500 0001 0149 2569

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | 2.95 |
| Certified Fee | | 2.35 |
| Return Receipt Fee (Endorsement Required) | | .85 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 6.60 |

Postmark Here

Sent To  BROCKTON  CITY HALL
LAW DEPARTMENT - ROOM 18
Street, Apt. No.; or PO Box No.  45  SCHOOL  ST.
City, State, ZIP+4  BROCKTON,  MA  02301

PS Form 3800, August 2006          See Reverse for Instructions

Daniel Hutton, Esq.
Law Office of Vasa &
Hutton, P.C.
6 Cabot Place Unit 8
Stoughton, MA 02072

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

LAW OFFICE OF VASA + HUTTON, P.C.
ATTN: D.M. HUTTON, ESO.
SIX CABOT PLACE, UNIT 8
STOUGHTON, MA 02072

BEN SIMONS

|ll|ll||l||l|ll|l||l|l||l|l|l||l||l|l|l|l|l|l||l||l|l|l||ll||l||ll

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                     10-19-16

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail        ☐ Express Mail
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

PROCTOR CITY HALL
MAYORS OFFICE
US SCHOOL ST.
BROCKTON, MA 02301

2. Article Number
   (Transfer from service label)    7011 3500 0001 0149 2576

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Trial Court of Massachusetts
County: **PLYMOUTH**

Docket Number 2014-256

PLAINTIFF(S) BEN SILVEUS

DEFENDANT(S) CITY OF BROCKTON, MARK CELIA, WILLIAM SCHLIEMAN, & ERIC BURKE

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
DANIEL M. HUTTON (781)571-9864
6 CABOT PLACE UNIT 8
STOUGHTON MA 02072
Board of Bar Overseers number: 631845

ATTORNEY (if known)

### Origin code and track designation

Place an x in one box only:
[ ✓ ] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104
    (Before trial)  (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/
    Order (Mass.R.Civ.P. 60)   (X)
[ ] 6. E10 Summary Process Appeal   (X)

CODE NO.    E03
TYPE OF ACTION (specify) CLAIM AGAINST MUNICIPALITY
TRACK (A)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)
IS THIS A JURY CASE?
( ✓ ) Yes    ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

MAR 0 6 2014

Clerk of Court

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $ 83,353.40
2. Total Doctor expenses ............................................. $
3. Total chiropractic expenses ..................................... $
4. Total physical therapy expenses ............................. $ 1,315
5. Total other expenses (describe) .............................. $
                                           Subtotal $ 24,668.40

B. Documented lost wages and compensation to date ................. $
C. Documented property damages to date ................................... $
D. Reasonably anticipated future medical and hospital expenses ...... $
E. Reasonably anticipated lost wages ....................................... $
F. Other documented items of damages (describe)
                                               $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Victim suffered shoulder injury that required surgery, was denied his U.S. Federal rights, Mass civil Rights + a victim of Abuse of Process
$2,000,000

TOTAL: $ 2,024,668.

## CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

A TRUE COPY ATTEST
Clerk of Courts

TOTAL    $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____

DATE: 3-6-2014

A.O.S.C. 3-2007

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
BROCKTON DIVISION
CIVIL ACTION NO: 14-256

BEN SILVEUS,
   *Plaintiff*

v.

THE CITY OF BROCKTON,
MARK CELIA, WILLIAM
SCHLIEMAN, and ERIC BURKE,

)
)
)
)
)
)
)
)

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

**APPOINTMENT OF
SPECIAL PROCESS SERVER
UNDER RULE 4C**

Clerk of Court

Now comes Plaintiff, Ben Silveus, and respectfully moves pursuant to Rule 4C of the Massachusetts Rules of Civil Procedure that this Honorable Court appoint, **Jerrold Loomis, Constable, and/or any of his employees, designee's or servants as process server in this matter**, qualified and knowledgeable persons in the service of all court process, limited to any and all pre-judgment service of process. The undersigned swears that to the best of his knowledge and belief the person to be appointed is eighteen years of age or over and is not a party in this case and a disinterested person.

Daniel M. Hutton, Esq.
BBO No: 631845
Law Office of Daniel M. Hutto
Six Cabot Place, Unit 8
Stoughton, MA 02072
(781) 341-4841

## ORDER OF THE COURT APPOINTING SPECIAL PROCESS SERVER

THIS ACTION CAME ON FOR HEARING BEFORE THE Court,_____,
presiding upon Plaintiff's Motion for appointment of a Person to Serve Process, and thereupon, consideration thereof, it is Ordered and Adjudged that: **Jerrold Loomis, Constable**, and/or any of his employees, designee's or servants are appointed Special Process Server for the express purpose of serving any and all prejudgment service of process in this action pursuant to Rule 4C of the Massachusetts Rules of Civil Procedure.

Dated;_____    by:_____

Title:_____

**Commonwealth of Massachusetts**
**County of Plymouth**
**The Superior Court**

Plymouth, ss

CIVIL DOCKET # **PLCV2014-00256-A**
**Courtroom CtRm 5 (72 Belmont Street, Brockton)**

RE: **Silveus v The City of Brockton et al**

TO: Daniel M Hutton, Esquire
Lipis, Vasa & Hutton, P.C.
6 Cabot Place Unit 8
Stoughton, MA 02072

## SCHEDULING ORDER FOR A TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue by **02/18/2017**

| STAGES OF LITIGATION | DEADLINES | | |
|---|---|---|---|
| | **SERVED BY** | **FILED BY** | **HEARD BY** |
| Service of process made and return filed with the Court | 06/04/2014 | 06/04/2014 | |
| Response to the complaint filed (also see MRCP 12) | | 07/04/2014 | |
| All motions under MRCP 12, 19, and 20 | 07/04/2014 | 08/03/2014 | 09/02/2014 |
| All motions under MRCP 15 | 04/30/2015 | 05/30/2015 | 05/30/2015 |
| All discovery requests **and depositions** served and non-expert depositions completed | 02/24/2016 | | |
| All motions under MRCP 56 | 03/25/2016 | 04/24/2016 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/22/2016 |
| Case shall be resolved and judgment shall issue by **02/18/2017** | | | **02/18/2017** |

- **The final pre-trial deadline is not the scheduled date of the conference.**
- **You will be notified of that date at a later time**.
- **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 03/06/2014

Robert S. Creedon, Jr.
Clerk of the Court

Telephone: (508) 583-8250 ext. 305

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                      SUPERIOR COURT DEPARTMENT OF
                                                   THE TRIAL COURT OF THE
                                                   COMMONWEALTH
                                                   CIVIL ACTION NO. 14-256-A

BEN SILVEUS ........................., Plaintiff(s)

                                                   FILED
                                                   COMMONWEALTH OF MASSACHUSETTS
THE CITY OF BROCKTON, MARK CELIA,                  SUPERIOR COURT DEPT. OF THE TRIAL COURT
WILLIAM SCHAEMAN AND ERIC BURKE, Defendant(s)      PLYMOUTH COUNTY

                                                   MAR 07 2014

                        **SUMMONS**

To the above-named defendant: MARK CELIA,

        You are hereby summoned and required to serve upon DANIEL M. HUTTON, ESQ. plaintiff
attorney, whose address is 6 CABOT PLACE, UNIT 8, STOUGHTON, MA 02072 an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the
day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in
the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this
Court at Brockton either before service upon plaintiff     attorney or within a reasonable time thereafter.

        Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff     which arises out of the transaction or occurrence that is the subject
matter of the plaintiff     claim or you will thereafter be barred from making such claim in any other action.

        Witness, Barbara J. Rouse Esquire, at Brockton the ......Sixth.........................day of

......March......................., in the year of our Lord Two thousand and FOURTEEN.

                                                   ..................................................
                                                   CLERK.

**NOTES**

1.      This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.      When more than one defendant is involved, the names of all defendants should appear in the caption.
        If a separate summons is used for each defendant, each should be addressed to the particular
        defendant.
3.      To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
        Equitable Relief-Other.

                        **PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ........3.12........................, 200.4, I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant     , in the
following manner(See Mass. R. Civ. P. 4(d)(1-5): IN HAND TO DONNA, CITY OF ........................

Brockton Clerks office, 45 School Street, Brockton MA ........................

Dated: 3/7 , 200 4 ........................                    ..................................................
                                                              JOHN S LOKIS
                                                              Static Process Server
**N.B.    TO PROCESS SERVER:-**
        PLEASE PLACE **DATE** YOU MAKE SERVICE  ON DEFENDANT IN THIS BOX **ON THE**
ORIGINAL AND ON COPY SERVED ON DEFENDANT.

                                        | 3/7 , 200 4 |

Also served Scheduling order for a Track, civil action cover sheet, Exhibit 1

NOTICE TO DEFENDANT -You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Brockton.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO. 14 256 A

BEN SILVEUS ......................................, Plaintiff(s)

vs.

THE CITY OF BROCKTON, MARK CELIA,
WILLIAM SCHNEMAN + ERIC BURKE ..........., Defendant(s)

```
FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

MAR 07 2014

Clerk of Court
```

## SUMMONS

To the above-named defendant: WILLIAM SCHNEMAN

You are hereby summoned and required to serve upon DANIEL M. HITTON, ESQ. plaintiff
attorney, whose address is 6 CABOT PLACE, UNIT 8, STOUGHTON, MA 02072 an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the
day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in
the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this
Court at Brockton either before service upon plaintiff   attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff   which arises out of the transaction or occurrence that is the subject
matter of the plaintiff   claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Brockton the SIXTH ...........................day of
MARCH ......................., in the year of our Lord Two thousand and FOURTEEN)

CLERK.

### NOTES
1.   This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.   When more than one defendant is involved, the names of all defendants should appear in the caption.
     If a separate summons is used for each defendant, each should be addressed to the particular
     defendant.
3.   **To the plaintiff's attorney:** please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
     Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS
I hereby certify and return that on ......3.7..................., 200?, I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant   , in the
following manner:(See Mass. R. Civ. P. 4(d)(1-5): IN HAND TO DONNA, CITY OF
BROCKTON CLERKS OFFICE 45 School Street, Brockton, MA

Dated: 3/7 , 200?

ANGELA S. LOANIS
SPECIAL PROCESS SERVER

N.B.   TO PROCESS SERVER:-
     PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE
ORIGINAL AND ON COPY SERVED ON DEFENDANT.

```
3/7 , 2004
```

Also Served Scheduling Order for a Track, Civil Action Cover sheet, Exhibit 1

**NOTICE TO DEFENDANT** -You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Brockton.

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO. 14-256-A

BEN SILVEUS _____, Plaintiff(s)

vs.

CITY OF BROCKTON, MARK CELIA
WILLIAM SCHLIEMAN + ERIC BURKE, Defendant(s)

FILED
COMMONWEALTH OF MASS...CHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

MAR 07 2014

_____
Clerk of Court

### SUMMONS

To the above-named defendant: CITY OF BROCKTON

You are hereby summoned and required to serve upon DANIEL M. HUTTON plaintiff attorney, whose address is 6 CABOT PLACE, UNIT 8, STOUGHTON, MA 02072, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Brockton either before service upon plaintiff    attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff    which arises out of the transaction or occurrence that is the subject matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Brockton the ........Six th................................day of ......March.........................., in the year of our Lord Two thousand and fourteen.....

_____
CLERK.

### NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........3/7........................., 2004, I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the following manner(See Mass. R. Civ. P. 4(d)(1-5): IN HAND TO DONALD CITY OF Brockton City clerks office 45 School Street Brockton M

Dated: 3/7 , 2004 ...................................
JOHN S LOOMIS
SPECIAL PROCESS SERVER

N.B.   TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| 3/7 , 2004 |

Also served Scheduling Order for a Track, civil action cover sheet, Exhibit 1

NOTICE TO DEFENDANT -You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Brockton.

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO. 14 - 256-A

6

BEN SILVEUS ......................................., Plaintiff(s)

vs.

CITY OF BROCKTON, MARK CELIA,
WILLIAM SCHAEMAN and ERIC BURKE ..., Defendant(s)

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

MAR 07 2014

Clerk of Court

### SUMMONS

To the above-named defendant: ERIC BURKE

You are hereby summoned and required to serve upon DANIEL M. HUTTON, ESQ. plaintiff attorney, whose address is 6 CABOT PLACE UNIT 8, STOUGHTON, MA 02072 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Brockton either before service upon plaintiff   attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff   which arises out of the transaction or occurrence that is the subject matter of the plaintiff   claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Brockton the ....................................................day of

................................................, in the year of our Lord Two thousand and ................... .

CLERK

### NOTES

1.   This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.   When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.   To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................3.7............................, 200Y, I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the following manner:(See Mass. R. Civ. P. 4(d)(1-5): ........ hand (less) to DONNA CITY OF ............

Brockton Clerks office 45 School Street, Brockton MA .....................................................................................................

Dated: 3/7   , 200 Y

DEPUTY SHERIFF
SPECIAL PROCESS SERVER

**N.B.   TO PROCESS SERVER:-**
PLEASE PLACE DATE YOU MAKE SERVICE  ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| 3/7 | , 200Y |

Also served scheduling order for a Track, Civil action cover sheet, Exhibit 1

NOTICE TO DEFENDANT -You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Brockton.