United States District Court
District of Massachusetts

| | |
|---|---|
| BEN SILVEUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 14-10914-NMG |
| CITY OF BROCKTON, ET AL. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from an allegation of police misconduct during a traffic stop for speeding.  Plaintiff Ben Silveus ("Silveus" or "plaintiff") alleges that Brockton Police Officers Mark Celia ("Celia"), William Schlieman ("Schlieman") and Eric Burke ("Burke"), working on behalf of the City of Brockton (collectively, "defendants"), violated his federal and state constitutional rights by using excessive force against him.

Pending before the Court is plaintiff's motion to consolidate this case with another case currently pending in state court.  That motion will be denied.

I. <u>Motion to Consolidate</u>

In February, 2014, Silveus filed a complaint in the Massachusetts Superior Court for Plymouth County alleging 20 counts against defendants, including negligence, denial of

-1-

federal constitutional rights under § 1983, violation of the Massachusetts Civil Rights Act, assault, battery, use of excessive force, defamation and abuse of process. Defendants timely removed that suit to this Court in April, 2014.

In July, 2014, Celia, one of the defendant police officers in this suit, filed a complaint against Silveus in the Massachusetts Superior Court for Plymouth County alleging that Silveus's negligent conduct in resisting arrest during the same traffic stop caused Celia to sustain personal injuries.

On November 5, 2014, Silveus filed the instant motion to consolidate the two cases pursuant to Fed. R. Civ. P. 42(a). He contends that both cases involve "exactly the same set of facts" and that judicial economy favors consolidation. Defendants have not responded to plaintiff's motion.

Plaintiff's motion overlooks an essential prerequisite to this Court's authority to consolidate pending actions, namely jurisdiction over both suits. Plaintiff ignores the fact that the pending state action is not removable to federal court. There is no apparent federal question jurisdiction or diversity amongst the parties in the state court case. Plaintiff thus relies on Fed. R. Civ. P. 42(a) in a last ditch effort to remedy the problem.

Rule 42(a), however, provides that a federal court can consolidate actions if, but only if, both actions are (1)

pending "before the court" and (2) "involve a common question of law or fact." The two actions here undoubtedly involve some common questions of fact but the state court action is not properly "before" this Court. New Life Homecare, Inc. v. Blue Cross Ne. Pennsylvania, 2010 WL 2331031, at *1 (M.D. Pa. June 10, 2010); Westfield Ins. Co. v. Hill, 2010 WL 1996868, at *2 (N.D. Ind. May 17, 2010).

Moreover, plaintiff cannot improperly remove the pending state court action to federal court and then seek consolidation. U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Const. Co., 826 F.2d 643, 647 (7th Cir. 1987) ("The [] court therefore did not acquire jurisdiction over the improperly removed [] case by consolidating it with the related and properly filed [] case.").

Accordingly, the state court action is not "pending before the court" and cannot be consolidated with this case pursuant to Fed. R. Civ. P. 42(a).

**ORDER**

Plaintiff's motion to consolidate this case with Civil Action No. 2014-00739-B, Celia v. Silveus, currently pending in Plymouth Superior Court (Docket No. 22) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 26, 2014